IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

FRED HANKS,

    Petitioner,

v.                                                                 CASE NO. 5:13-cv-400-RS-GRJ

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.

_____/

## **REPORT AND RECOMMENDATION**

Pending before the Court is Doc. 1, Petitioner's Motion entitled "Leave to File Successive U.S.C. § 2254 Petition for Writ of Habeas Corpus."  Petitioner requests leave to file a successive habeas petition pursuant to 28 U.S.C. § 2254, because he has not previously presented a claim of actual innocence.  Petitioner wants to challenge the same underlying state conviction that he attacked in a previous federal habeas petition that was denied on the merits.  *Hanks v. McDonough*, Case No. 4:05-cv-91-MMP-EMT, Docs. 13, 14.

Although Petitioner is correct that he must seek leave to file a successive petition, he has done so in the wrong court.  In order to file a second or successive § 2254 petition, the Petitioner must first obtain an order from the court of appeals authorizing the district court to consider it.  28 U.S.C. § 2244(b)(3)(A).  Absent authorization, the district court lacks jurisdiction to consider a second or successive petition.  *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (addressing a successive motion to vacate under 28 U.S.C. § 2255).  No such authorization has

been obtained in this case.

Petitioner's motion also should not be transferred to the Eleventh Circuit pursuant to 28 U.S.C. § 1631, which provides for a transfer of civil actions for want of jurisdiction to "any other such court in which the action or appeal could have been brought at the time it was filed or noticed," if it is in the interest of justice. *Collins v. Jeanes*, 2013 WL 3270423 (S.D. Ga. 2013). Although this provision permits transfer, Petitioner's motion is barred by 28 U.S.C. § 2244(b)(2), which provides that a claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–

> (A) the applicant shows that the claim relied on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable; or
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> (ii) the facts underlying the claim, if proved and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offense.

Petitioner has made no showing that his claim of actual innocence meets the requirements of § 2244(b)(2)(A), and it is difficult to see how his claim of actual innocence could ever meet the requirements of subsection (B), considering that if his claim of actual innocence is true, Petitioner would have known of the factual predicate for the claim all along. Petitioner merely has argued that he has not presented this claim previously, which does not fit within the exceptions provided by the statute. Therefore, a transfer "in the interests of justice" is not warranted. *See Guenther v. Holt*, 173 F.3d 1328 (11th Cir. 1999).

Because the record establishes that the instant petition is successive, and a

transfer is not in the interest of justice, it is respectfully **RECOMMENDED** that this case should be **DISMISSED**.

**IN CHAMBERS** this 16th day of December 2013.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**